UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STRIKE 3 HOLDINGS LLC,

Plaintiff,

v.

Case No. 26-cv-1418-bhl

JOHN DOE
Subscriber assigned IP address 174.103.177.32,

Defendant.

**ORDER GRANTING LEAVE TO SERVE THIRD-PARTY SUBPOENA**

Plaintiff Strike 3 Holdings, LLC alleges that it owns "award-winning, critically acclaimed adult motion pictures." (ECF No. 1 ¶2.) It further contends that an unidentified John Doe Defendant is infringing Strike 3's copyright by downloading and distributing its motion pictures using BitTorrent. (*Id.* ¶4.) Strike 3 filed the case against IP address 174.103.177.32 on August 19, 2026. (*Id.* ¶5.) Strike 3's complaint asserts that the Doe Defendant associated with this IP address "attempted to hide this theft by infringing [the] content anonymously," but Spectrum, as the Doe Defendant's internet service provider, is able to identify the Doe Defendant through his IP address. (*Id.*) Strike 3 believes it will be able to name the unknown infringer if permitted to issue limited-third party discovery and, accordingly, has moved for leave to serve expedited discovery pursuant to Fed. R. Civ. P. 26(d)(1) on September 16, 2026. (ECF No. 3.) In addition to learning the Doe Defendant's identity, Strike 3 seeks to investigate the defendant's role in the infringement and then effectuate service. (ECF No. 4 at 2.) Finding good cause, the Court will grant the motion.

**ANALYSIS**

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "Although different standards exist for the evaluation of expedited discovery requests, district courts within this Circuit generally evaluate 'the entirety of the record to date and the

reasonableness of the request in light of all the surrounding circumstances.'" *Dallas Buyers Club, LLC v. Does 1-26*, No. 14-C-360, 2014 WL 1612251, at *1 (E.D. Wis. Apr. 22, 2014) (quoting *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011)). "This amounts to a requirement that the movant show good cause for the request." *Id.* Factors pertinent to this analysis in cases involving internet service providers include:

> (1) The concreteness of the plaintiff's showing of a prima facie claim of actionable harm, … (2) the specificity of the discovery request, … (3) the absence of alternative means to obtain the subpoenaed information, … (4) the need for the subpoenaed information to advance the claim, … and (5) the objecting party's expectation of privacy.

*Malibu Media, LLC v. Doe*, No. 18 C 5792, 2019 WL 7876473, at *2 (N.D. Ill. Jan. 2, 2019) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010)).

Strike 3 has shown good cause for its request. As to the first factor, a prima facie claim of copyright infringement requires plausible allegations that "(1) the plaintiff owns a valid copyright; and (2) the defendant copied 'constituent elements of the work that are original.'" *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 923 (N.D. Ill. Sept. 24, 2013) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 240, 261 (1991)). Strike 3's complaint alleges that it owns the copyrights to its motion pictures and the Doe Defendant "downloaded, copied, and distributed" these works without permission. (ECF No. 1 ¶47.) These allegations are a sufficient showing of a prima facie claim of actionable harm. *See Malibu Media, LLC v. Doe*, No. 14-cv-0932, 2015 WL 2451926, at *2 (E.D. Wis. May 21, 2015) ("The complaint alleges that defendant is the IP address subscriber and the infringer . . . . At this stage in the litigation, this is enough.").

Next, Strike 3 states that the subpoena "is limited and only seeks concrete and narrow information: the name and address of the subscriber associated with Doe Defendant's IP address." (ECF No. 4 at 7 (cleaned up).) Strike 3 further asserts that there is no alternative means to obtain the IP address, and that the IP address is necessary to identity the Doe Defendant to advance the litigation. (*Id.* at 7–8.) The Court agrees—the case cannot move forward until the unidentified Defendant's identity is ascertained, and the subpoena appears to be the only means by which this might be accomplished. *See Pac. Century Int'l, Ltd. v. Does 1–37*, 282 F.R.D. 189, 192 (N.D. Ill. Mar. 30, 2012) (noting plaintiffs' filing of motions for early discovery seeking leave to subpoena internet service providers "to obtain the identifying information for each IP address"); *Malibu*

*Media, LLC*, 2019 WL 7876473, at *2 ("[A] motion for early discovery is the only manner by which [the plaintiff] can determine the identity of alleged infringers.").

As to the final factor, Strike 3 argues that the Doe Defendant's privacy interest is minimal. (ECF No. 4 at 9.) Again, the Court agrees. As other courts have noted, "because internet subscribers must convey their identity and other information to an [internet service provider] in order to establish an account, they do 'not have a reasonable expectation of privacy in their subscriber information.'" *Hard Drive Prods. v. Does 1–48*, No. 11 CV 9062, 2012 WL 2190638, at *4 (N.D. Ill. June 14, 2012) (quoting *First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 249 (N.D. Ill. Aug. 9, 2011)) (collecting cases).

Given all of the above, Strike 3 has demonstrated good cause to conduct limited, expedited discovery for the purposes of identifying the Doe Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Strike 3's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 3, is **GRANTED**.

Dated at Milwaukee, Wisconsin on September 29, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge